UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

        Plaintiff,

v.                                           Case No. 3:23-cv-630-MMH-LLL

D. ALLEN, et al.,

        Defendants.

_____

## **ORDER**

Plaintiff James T. Murzike, an inmate of the Florida penal system, initiated this action on May 22, 2023,[1] by filing a Civil Rights Complaint in which he names twelve Defendants based on conduct that occurred at Florida State Prison (FSP) in January 2023 (Complaint; Doc. 1). Murzike now moves for entry of a "Permanent Injunction and Restraining Order" (Motion; Doc. 8).[2] Before addressing the Motion, the Court will summarize Murzike's claims.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] Although Murzike titles his Motion as one seeking a "permanent injunction and restraining order," the relief he seeks is an "emergency temporary injunction for protection against repeat violence." Motion at 1 (emphasis added). As such, the Court does not construe his request as one for entry of a permanent injunction.

In his Complaint, Murzike asserts that the following conduct violated his constitutional rights: Defendant Reed caught his hand in the food flap of his cell door, causing Murzike's hand to bleed; Defendant Johnson falsified a disciplinary report (D.R.) in retaliation or with malicious purpose, which resulted in Murzike spending more time in close management and losing gain time; Defendants Johnson, Allen, and Dr. Lloren conspired to falsify a "special management meal report" in retaliation or with malicious purpose, causing Murzike to forego twenty-one kosher meals; Defendant Green took "false . . . pictures of trays [and] lids that came out of other inmates['] cells" and co-signed with Defendant Johnson the allegedly falsified D.R., in retaliation or with malicious purpose, which resulted in Murzike missing twenty-one kosher meals; Defendants Chaplain Hankle and Chaplain Johnson falsified a management meal report, causing Murzike to be deprived of his "religious diet meal[s]"; Defendants A.N. Fayo and T. Watson co-signed a falsified finding of guilt on the disciplinary charges initiated by Defendant Johnson, which resulted in Murzike spending more time in close management and losing gain time; Defendants Millette, Allen, and Miller retaliated against Murzike by conspiring to refuse to overturn the allegedly false D.R.; and Defendants Clark and Reed destroyed Murzike's personal property and left his cell in disarray. Complaint at 6-12, 15.

2

In his Motion for injunctive relief, Murzike explains that he has filed numerous grievances and lawsuits about his living conditions and, in retaliation for doing so, "staff[]" at FSP are allowing inmate orderlies to "poison" or tamper with his food. Motion at 1-2. He asserts the referenced inmates are gang members, and Murzike has been told that he has a "hit on [his] head" for filing so many lawsuits.[3] Id. at 2. Murzike mentions by name at least fifteen "staff" members who have threatened retaliation, but only some of those fifteen are named Defendants in this action: Reed, Green, Watson, and Allen. See id.

Murzike asserts he was "set up" and sprayed with chemical agents on August 17 and 30, 2023, and Defendant Allen came to his cell on September 9, 2023, along with some "white shirts," to tell him to stop filing lawsuits and grievances, or he will "see [his] death at [FSP]."[4] Id. at 2-3. As relief, Murzike asks that the Court use its "inherent power to order [the] warden [of FSP] to hold all audio/video . . . evidence" that would show officers spraying him with chemical agents in August and Defendant Allen threatening him on September

---

[3] Murzike has multiple civil rights actions pending in this Court alone. See Case Nos. 3:23-cv-1125-BJD-JBT; 3:23-cv-1118-BJD-JBT; 3:23-cv-674-BJD-PDB; 3:23-cv-638-MMH-MCR; 3:23-cv-98-BJD-PDB.

[4] In light of Murzike's assertions, the Clerk of Court sent a copy of Murzike's Motion (Doc. 8) and the Court's Amended Standing Order (Doc. 9) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Murzike's institution.

9, 2023. Id. at 3, 4. In the attached memorandum of law, Murzike argues that a temporary injunction is warranted because, without one, he will suffer irreparable injury, and he requests additional relief, including transfer, investigation, damages, the filing of criminal charges, and an order that certain individuals stop their behavior against him. Id. at 4-5.

The Court is of the opinion that injunctive relief is not warranted. Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction,[5] "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)).

> To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish

---

[5] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued ex parte, while the latter requires "notice to the adverse party." Fed. R. Civ. P. 65(a), (b). See also M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Moreover, a request for injunctive relief must be related to the claims raised in the operative complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").

Murzike has failed to carry his burden of showing that preliminary injunctive relief is warranted, and his request, therefore, is due to be denied. Notably, in his memorandum of law, Murzike addresses only one of the four elements on which he carries the burden of persuasion—"irreparable injury." See Motion at 4. Even if the Court were to find Murzike's allegations demonstrate he faces "irreparable injury," he fails to establish a likelihood of success on the merits of his claims. Indeed, in his memorandum, he does not address his underlying claims at all and instead complains about conduct that happened well after he initiated this action. See Motion at 4.

Additionally, a review of Murzike's Complaint shows that he has not sufficiently set forth his claims. First, Murzike improperly joins multiple unrelated claims in a single action. For instance, the claim that Defendant

Reed used excessive force against him is unrelated to the claim that some

Defendants improperly denied him kosher meals, which in turn is unrelated to

the claim that some Defendants fabricated a D.R. or found him guilty of the

alleged fabricated charges, or the claim that Clark and Reed destroyed his

property and cell.

Second, some of Murzike's purported claims are not cognizable under 42

U.S.C. § 1983 or not plausible as alleged. For instance, to the extent Murzike

seeks to challenge disciplinary charges that have not been overturned or

expunged, such a claim is not cognizable in a civil rights action. See Edwards

v. Balisok, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money

damages, based on allegations . . . that necessarily imply the invalidity of the

punishment imposed, is not cognizable under § 1983."). Similarly, being placed

in close management does not, by itself, amount to an Eighth Amendment

violation. See Roberts v. Pichardo, No. 11-13378-C, 2012 WL 12109911, at *2

(11th Cir. June 1, 2012) (holding the plaintiff did not state a plausible Eighth

Amendment claim where he alleged he was placed in disciplinary confinement,

including close management, for an extended time but did not allege he was

deprived of "the minimal civilized measures of life's necessities" or was "at risk

of serious damage to his health or safety").[6] See also Wagner v. Smith, No. 5:06-

---

[6] The Court does not rely on unpublished opinions as binding precedent;
however, they may be cited in this Order when the Court finds them persuasive on a

cv-11-MCR-EMT, 2006 WL 2482782, at *3 (N.D. Fla. Aug. 25, 2006) ("[T]he filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation.").

As to the allegations of property destruction, Murzike is advised that an intentional or negligent deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); Daniels v. Williams, 474 U.S. 327, 328 (1986). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property). As to the allegations of retaliation, Murzike does not provide facts supporting his conclusory allegations (i.e., the type of speech in which he engaged, when he engaged in the speech, and how that speech caused an adverse action). See O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (setting forth the elements of a retaliation claim).

To the extent Murzike contends some of his claims arise under the Fifth Amendment, Complaint at 3, he is advised that because he sues state officials,

---

particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

not federal officials, the Fifth Amendment is not applicable. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law."). And to the extent Murzike contends Defendants violated Florida criminal statutes, and requests that the Court issue "federal and state indictments," id. at 7-10, 16, he is advised that a claim under 42 U.S.C. § 1983 must allege the violation of a right secured under the United States Constitution or federal law, and "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987).

If Murzike wishes to pursue any of the claims addressed in the Complaint, he must submit an amended complaint that complies with federal pleading standards and this Order. The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (emphasis added). To survive dismissal, a complaint must allege facts that, accepted as true, state a

claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The standard asks for less than a probability but "more than a sheer possibility

that a defendant has acted unlawfully." Id.

A plaintiff may not join unrelated claims and various defendants in one

complaint unless the claims arise "out of the same transaction, occurrence, or

series of transactions or occurrences" and if "any question of law or fact

common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Claims arise out of the same transaction or series of transactions if they have

a "logical relationship," meaning they "rest on the same set of facts." Smith v.

Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010).

In filing any amended complaint, Murzike may proceed only on one claim

or join only related claims. For example, he may not proceed on both an Eighth

Amendment excessive force claim against Defendant Reed and a First

Amendment free exercise of religion claim against those who allegedly

interfered with his kosher meals in one complaint because those claims are not

related to each other. Additionally, Murzike must use the Court-approved form

(attached), signing and dating it after the following statement:

> Under Federal Rule of Civil Procedure 11, by signing
> below, I certify to the best of my knowledge,
> information, and belief that this complaint: (1) is not
> being presented for an improper purpose, such as to
> harass, cause unnecessary delay, or needlessly
> increase the cost of litigation; (2) is supported by

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing any amended complaint, Murzike must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Murzike's amended complaint must be complete, including all related claims he wishes to raise, and must not refer to his original Complaint.

Therefore, it is now

**ORDERED:**

1.     Plaintiff's Motion for Permanent Injunction and Restraining Order (Doc. 8) is **DENIED**.

2.     The **Clerk** shall send Plaintiff a civil rights complaint form.

3.     By **November 2, 2023**, Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this Order. **Plaintiff's failure to comply with this Order may result in the dismissal of this case.**

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of October, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:     James T. Murzike

11