UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES T. MURZIKE,

        Plaintiff,

v.                                          Case No. 3:23-cv-630-MMH-LLL

D. ALLEN, et al.,

        Defendants.
_____

## ORDER

Plaintiff James T. Murzike, an inmate of the Florida penal system, initiated this action on May 22, 2023,[1] by filing a Civil Rights Complaint against twelve Defendants based on conduct that occurred at Florida State Prison (FSP) in January 2023 (Doc. 1). Finding his Complaint deficient, the Court directed Murzike to submit an amended complaint. See Order (Doc. 11). In the Order, the Court highlighted the multiple deficiencies in Murzike's Complaint and detailed for him how he could cure those deficiencies. See id. at 5-9. For instance, the Court advised him some of his purported claims were not cognizable or plausible as alleged (e.g., complaints about disciplinary charges that have not been overturned, placement in close management, and property

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

destruction), and the Fifth Amendment is not applicable to claims against state actors. Id. at 6-8. Additionally, the Court explained the federal pleading standards and what Murzike must to do comply with those, including by supporting his claims with facts, not conclusions, and by not joining unrelated claims. Id. at 8-9. With respect to unrelated claims, the Court explicitly instructed Murzike as follows:

> In filing any amended complaint, Murzike may proceed only on one claim or join only related claims. For example, he may not proceed on both an Eighth Amendment excessive force claim against Defendant Reed and a First Amendment free exercise of religion claim against those who allegedly interfered with his kosher meals in one complaint because those claims are not related to each other.

Id. at 9. The Court warned Murzike that his "failure to comply with [the] Order may result in the dismissal of this case." Id. at 11 (emphasis omitted).

After receiving multiple extensions of time to submit a proper complaint, see Orders (Docs. 14, 16, 21, 23), Murzike finally mailed his Amended Complaint for filing on March 21, 2024 (Doc. 24). In the Amended Complaint, Murzike names the same twelve Defendants as he did in the original Complaint, and this Amended Complaint suffers from the same deficiencies identified by the Court, in that he joins multiple, unrelated claims, supports his claims with conclusory assertions, and again includes claims that are not cognizable or plausible as alleged.

As examples, in his Amended Complaint, Murzike alleges some Defendants conspired to falsify a management meal report or a disciplinary report, which resulted in his extended confinement in close management, loss of gain time, and suspension from the kosher meal program for twenty-one days; some Defendants refused to overturn his disciplinary charges; some Defendants refused to remove him from the "illegal management meal" program "in retaliation"; and some Defendants used excessive force against him or destroyed his cell and personal property in retaliation for filing grievances or lawsuits. See id. at 7-12, 15-18.

Although many of his allegations are about his temporary suspension from the kosher meal program, Murzike describes suffering solely physical injuries (cuts, swelling, bumps), apparently caused by Defendant Reed's use of force. Id. at 11, 13. In addition to monetary damages, Murzike seeks injunctive relief, some of which is wholly unrelated to any of his purported claims (such as an order directing prison officials and inmates to stop "play[ing] with [his] food [and] intentionally trying to posion [sic] [him]"). Id. at 25.

A district court has discretion to dismiss a plaintiff's action for his failure to comply with the Federal Rules of Civil Procedure or a court order. See Fed. R. Civ. P. 41(b). See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been

3

forewarned, generally is not an abuse of discretion."). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), pro se litigants still must conform to procedural rules, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). To balance these somewhat competing principles, a court generally "must advise a pro se plaintiff of the deficiencies in his complaint and give him [at least one] opportunity to amend" before dismissing it, even if the plaintiff does not seek permission to amend. Horn v. Est. of Camacho, 817 F. App'x 872, 874, 876 (11th Cir. 2020) (emphasis omitted) (citing Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018)).

When a pro se plaintiff is given an opportunity to cure a deficient complaint but fails to comply with a court's "clear description of what [his] complaint should contain," the court does not abuse its discretion in dismissing the action under Rule 41(b). See Tanner v. Neal, 232 F. App'x 924, 924 (11th Cir. 2007)[2] (citing Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983). See also Powell v. Harris, 628 F. App'x 679, 680 (11th Cir.

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see also Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

2015) (holding the district court did not abuse its discretion by dismissing the case without prejudice for the pro se plaintiff's noncompliance with the court's instructions to file a proper complaint); Duong Thanh Ho v. Costello, 757 F. App'x 912, 914-15 (11th Cir. 2018) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's orders "clearly instruct[ing] [him] what to do and what was expected of him").

For instance, a district court may properly dismiss an action if a pro se plaintiff does not comply with an order directing him to specify why or how joinder of claims is permissible under Rule 20. Foudy v. Indian River Cnty. Sheriff's Off., 845 F.3d 1117, 1125-26 (11th Cir. 2017) (explaining the plaintiffs filed "substantially similar complaints" after the district court "clearly instructed" them to "explain their grounds for joinder"). Multiple claims against different defendants "arising out of different events [that] occur[ed] on different dates" may not be joined under Rule 20 if a plaintiff alleges only a conclusory, superficial similarity between the events. See Smith v. Owens, 625 F. App'x 924, 928-29 (11th Cir. 2015). In Smith, for example, the court held the district court properly dismissed the plaintiff's complaint against ten corrections officers for excessive-force incidents that occurred on different dates involving different officers, despite the plaintiff's "conclusory assertions"

5

that supervisory prison officials "establish[ed] policies and customs that resulted in . . . an increased risk of violence at the prison." Id. at 927-28.

Upon review, Murzike's Amended Complaint is due to be dismissed for his failure to comply with the Court's Order and the federal pleading standards. The Court outlined for Murzike the deficiencies in his original Complaint and gave him clear instructions on how to cure those deficiencies. See Order (Doc. 11). Even after receiving multiple extensions of time, Murzike appears to have made no attempt to comply with the Court's instructions. Indeed, the original Complaint and the Amended Complaint are nearly identical insofar as the claims Murzike seeks to pursue against each of the twelve Defendants. Cf. Doc. 1 at 7-10 with Doc. 24 at 7-12.

The only substantive difference between the original Complaint and the Amended Complaint appears to be the addition of a "statement of facts" section. See Doc. 24 at 14-18. But that section only adds confusion, not clarity, in that Murzike lumps together all facts, some of which are conclusory, vague, or extraneous. Id. Significantly, Murzike includes the same claims as before, including those that are not cognizable or plausible as alleged (complaints about disciplinary charges that have not been overturned, placement in close management, and property destruction) and those the Court expressly warned against joining in one action as unrelated (excessive force against Defendant

6

Reed and First Amendment claims based on suspension from the kosher meal program). Id. at 7-12. See also Order (Doc. 11) at 9.

Defendants would be "hard-pressed to understand 'the grounds upon which each claim [against him] rests,'" see Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021), and the Court will not expend scarce judicial resources scouring through the Amended Complaint to separate logically related, cognizable claims from those that are not, id. at 1328 (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

Murzike's failure to comply with the Court's Order in this case justifies dismissal without prejudice under Rule 41(b) subject to Murzike's right to initiate a new action if he wants to pursue any plausible, cognizable claims in separate actions or in a single action if they can properly be joined in one action.[3]

---

[3] Murzike is not incapable of at least attempting to comply with Court orders by narrowing his claims to those that are related. He has initiated numerous civil rights actions in this Court, see Order (Doc. 2), Case No. 3:24-cv-243-WWB-LLL (listing Murzike's pending cases as of March 15, 2024), and the Court has previously advised him of the federal pleading standards in the context of ordering him to amend, see, e.g., Order (Doc. 10), Case No. 3:24-cv-162-HES-MCR; Order (Doc. 8), Case No. 3:23-cv-1125-BJD-JBT; Order (Doc. 7), Case No. 3:23-cv-98-BJD-PDB; Orders (Docs. 9, 22), Case No. 3:23-cv-638-MMH-MCR. In at least two of those cases, Murzike filed amended pleadings that were deemed sufficient to serve. See Order (Doc. 17), Case No. 3:24-cv-162-HES-MCR (directing service of Amended Complaint); Order (Doc. 22), Case No. 3:23-cv-98-BJD-PDB (directing service of Amended Complaint).

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate pending motions, and close the file.

3. The **Clerk** shall send Murzike a civil rights complaint form. If Murzike chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-6
c: James T. Murzike

8